JAMES O. BROWNING, UNITED STATES DISTRICT JUDGE
*1305 THIS MATTER comes before the Court on the United States' Trial Brief Regarding Inadmissibility of Investigative Reports Under Rule 803(6) and Rule 803(8), filed February 7, 2018 (Doc. 1753)("Trial Brief"). The primary issue is whether the Court should permit Defendant Anthony Baca to introduce an Investigative Report, dated May 16, 2011 (Bates No. 27820-22)("Investigative Report") and a Supervisor's Serious Incident Report, dated June 28, 2013 (Bates No. 27794)("Incident Report") into evidence. The United States *1306 argues that the Investigative Report and the Incident Report are inadmissible hearsay and that they are both based on inadmissible hearsay statements from prisoners to law enforcement. See Trial Brief at 3.
The Court concludes that the Investigative Report and the Incident Report are both admissible hearsay under rule 803(8)(A)(iii). That rule renders "[a] record or statement of a public office ... [that] sets out ... factual findings from a legally authorized investigation" admissible "against the government in a criminal case" if "the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8). The enumerated list at the end of the Investigative Report is set of factual findings, so rule 803(8)(A)(iii) applies to the entire report. See Fed. R. Evid. 803(8)(A)(iii). See also Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 164, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988) (Brennan, J.)("[W]e note that, contrary to what is often assumed, the language of the Rule [803(8)(A)(iii) ] does not state that 'factual findings' are admissible, but that 'reports ... setting forth ... factual findings' (emphasis added) are admissible."). Likewise, the Incident Report contains a factual finding-specifically a finding that more investigation is needed. See Incident Report at 1. While the text of rule 803(8) refers to "factual findings," Fed. R. Evid. 803(8)(A)(iii), and the Incident Report's conclusion that more investigation is needed is an opinion, Supreme Court of the United States precedent indicates that rule 803(8) 's reference to factual findings includes both facts and opinions. See Beech Aircraft Corp. v. Rainey, 488 U.S. at 168, 109 S.Ct. 439 ("Our conclusion that neither the language of the Rule nor the intent of its framers calls for a distinction between 'fact' and 'opinion' is strengthened by the analytical difficulty of drawing such a line.").
Although rule 803(8)(A)(iii) applies to both the Investigative Report and the Incident Report, a hearsay-within-hearsay issue remains, because both reports are based on and contain statements from confidential human sources and information conveyed from one law-enforcement member to another. See Trial Brief at 2-3. See also Fed. R. Evid. 805 ("Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule."). Those statements qualify as admissible hearsay-if at all-under rule 803(6) :
(6) Records of a Regularly Conducted Activity. A record of an act, event, condition, opinion, or diagnosis if:
(A) the record was made at or near the time by-or from information transmitted by-someone with knowledge;
(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
(C) making the record was a regular practice of that activity;
(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.
Fed. R. Evid. 803(6). Rule 803(6) has an additional, tacit requirement when the source of information in a record did not create the document:
Under the business duty requirement, the record is not admissible unless the party reporting the information to the recorder of the information had a business *1307 duty to do so; i.e., was reporting the information in the regular course of regularly conducted activity. The business duty requirement was thought necessary to address the problem of double hearsay that arises when one person relates information offered for its truth to a person who records the information in a business record. The business record exception guarantees that the recording party recorded reliably, but an extra guarantee is necessary to assure that the party with personal knowledge of the underlying event related it accurately to the recorder.
Stephen A. Saltzburg et al., FEDERAL RULES OF EVIDENCE MANUAL § 803.02[7][c] (11th ed. 2017). Fed. R. Evid. 803(6) advisory committee note ("An illustration is the police report incorporating information obtained from a bystander: the officer qualifies as acting in the regular course but the informant does not.").
The Investigative Report and the Incident Report do not satisfy rule 803(6) 's requirements. Law-enforcement officials, as part of their ordinary duties, passed information received from confidential human sources to other officials who, as part of their ordinary duties, recorded that information. The Court does not have enough information to determine whether the confidential human sources were acting in the ordinary course when they provided information to law enforcement, however. If the confidential human sources only gave information to prison officials on a single occasion, they are analogous to a bystander who provides information to a police officer. See Fed. R. Evid. 803(6) advisory committee notes (indicating that a police report containing information obtained from a bystander would not constitute admissible hearsay under rule 803(6) ). If, alternatively, the confidential human sources had a continuing relationship with law enforcement in which they provided information to law enforcement on a regular basis-and had a vested interest, pecuniary or otherwise, in maintaining that relationship-then the human sources' provision of the information that the Investigative Report and the Incident Report contain might occur in the regular course of their interactions with law enforcement. Neither the Investigative Report nor the Incident Report provide the names of the confidential human sources or the nature of the relationship between the confidential human sources and law enforcement, so the Court cannot conclude that rule 803(6) applies to the confidential human source statements that form the basis of the Investigative Report and the Incident Report. Indeed, the United States has indicated that it does not know who one of the confidential human sources is.
Closely related, the Investigative Report and the Incident Report do not satisfy rule 803(6)(E) or rule 803(8)(B), because the reports are based on information obtained from people and in circumstances that render those statements untrustworthy. See Fed. R. Evid. 803(6)(E) (stating that hearsay is admissible as a business record only if "the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness"); Fed. R. Evid. 803(8)(B) (stating that hearsay is admissible as a public record only if "the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness"). All that the Court knows about the confidential human sources, whose statements form the basis for the reports, are that those individuals, presumably SNM members, were behind bars when they related information to law enforcement. Moreover, in the course of trial, the Court has heard testimony on several occasions about a practice, called "kiting out," where one prisoner falsely tells corrections officers *1308 that another prisoner is in danger, so prison officials will remove that prisoner to protective custody. The statements from confidential human sources that the Investigative Report and the Incident Report contain are suspect, both because they were made by unidentified prisoners and because they could have been made by individuals attempting to kite out Baca. The Court accordingly concludes that the Investigative Report and the Incident report are not admissible under rule 803(6) or rule 803(8).
IT IS ORDERED that the request in the United States' Trial Brief Regarding Inadmissibility of Investigative Reports Under Rule 803(6) and Rule 803(8), filed February 7, 2018 (Doc. 1753), is granted.